1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA M. BAINTER,<br><br>  Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>  Defendant. | CASE NO. 10-5559 BHS/JRC<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 25, 2011 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judges' Rule MJR 4(a)(4); and, as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (See ECF Nos. 10, 11 and 12.)

After considering and reviewing the record, the undersigned finds that the Administrative Law Judge (hereinafter "ALJ") did not err in concluding that plaintiff had never been diagnosed with a depressive disorder, and, therefore, plaintiff's symptoms of depression did not constitute a "severe impairment" under step 2 of the sequential disability evaluation process. This Court recommends that the ALJ's decision be upheld and plaintiff's complaint be dismissed.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On January 23, 2006, plaintiff protectively filed an application for Disability Insurance Benefits. On February 1, 2006, plaintiff filed an application for Supplemental Security Income benefits (Tr. 10). This application was denied initially and upon reconsideration and a hearing request was timely filed (id.). A hearing was held on February 13, 2009 before an ALJ (id.).

Plaintiff claimed a number of severe impairments, including lumbar degenerative disc disease, bilateral carpal tunnel syndrome status post releases, bilateral ulnar degenerative joint disease, status post transpositions, and hepatitis C status post interferon treatment (Tr. 12). None of these severe impairments are the subject of plaintiff's appeal. Instead, plaintiff complains that the ALJ failed to find a mental impairment of depression as a severe impairment (ECF No. 10, page 3).

The ALJ denied claimant's application on April 15, 2009 (Tr. 7-21). In his written decision, the ALJ noted the following:

> At the hearing, the claimant also reported depression. The medical record does not include a formal psychological evaluation, but depression and anxiety are noted at times in the treatment records, which also includes the claimant's responses to screening surveys (internal citation to Exhibit F/59). However, at other times, the claimant's mood and affect were noted as within normal limits and without signs of depression, anxiety, or agitation and a mini-depressive scale score was negative to mild. The overall record shows indication of depression at times, particularly related to grief and as a side effect of interferon treatment. However, the claimant has been prescribed medication for depression, and the overall record indicates that depressive symptoms have been managed and [are] relatively stable with medication (internal citation to Exhibits 5F/2, 5, 11F/16, 6F/3, 25-27, 31, 10F/4, 16, 22, 25, and 12F/41, 42, 61).

(Tr. 13-14.)

The ALJ concluded that the plaintiff did not have a "medically determinable mental impairment or combination of impairments that has resulted in significant vocationally relevant limitations." (Tr. 14.) The ALJ noted, however, that "the combined effects of all medically

determinable impairments and treatment have been considered in subsequent steps of the sequential evaluation process." (Tr. 15.)

Plaintiff complains that the ALJ's decision should be reversed because of failure to include depression at step 2 and because the ALJ allegedly erred in relying on the medical/vocational guidelines. (ECF No. 10 at 3, 6.) As to the latter issue, plaintiff concedes that plaintiff's entire argument "hinges on whether or not the ALJ's step 2 determination passes muster." (ECF No. 12, page 3). Plaintiff concedes that this is the "paramount issue" that must be decided by the court (id.).

Plaintiff timely sought review by the Appeals Council and on June 15, 2009, the Appeals Council denied plaintiff's request for review (Tr. 1-3). Plaintiff sought timely review by this court (ECF No. 1).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (*citing* Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)).

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The "step-two determination of whether a disability is severe is merely a threshold determination of whether the claimant is able to perform his past work." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). Therefore, a finding that the disability of a claimant "is severe at step-two only raises a prima facie case of a disability." Id. (*citing* Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999)).

REPORT AND RECOMMENDATION - 3

An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, an impairment is "not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a) (1991). Basic work activities are "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (*quoting* Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)). The step-two analysis is "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (*citing* Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)).

According to Social Security Ruling 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 (*citing* SSR 96-7p); see also Slayman v. Astrue, 2009 U.S.

REPORT AND RECOMMENDATION - 4

Dist. LEXIS 125323 at *33-*34 (W.D. Wash. 2009). If a claimant's impairments are "not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment[s] do[] not prevent the claimant from engaging in any substantial gainful activity." Bowen, 482 U.S. at 146.

Plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevented performance of substantial gainful activity, and that this impairment lasted for at least twelve continuous months. 20 C.F.R. §§ 404.1505(a), 404.1512, 416.905, 416.1453(a), 416.912(a); see also Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998) (*citing* Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995)). It is the plaintiff's burden to "'furnish[] such medical and other evidence of the existence thereof as the Secretary may require.'" Bowen, 482 U.S. at 146 (*quoting* 42 U.S.C. § 423(d)(5)(A) (*citing* Mathews v. Eldridge, 424 U.S. 319, 336 (1976)); see also McCullen v. Apfel, 2000 U.S. Dist. LEXIS 19994 at *21 (E.D. Penn. 2000) (*citing* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.1505, 404.1520).

The ALJ "has an independent 'duty to fully and fairly develop the record.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting* Smolen, supra, 80 F.3d at 1288). This duty is "especially important when plaintiff suffers from a mental impairment." Delorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991)). This is "[b]ecause mentally ill persons may not be capable of protecting themselves from possible loss of benefits by furnishing necessary evidence concerning onset." Id. (*quoting* SSR 83-20). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Tonapetyan, supra, 242 F.3d at 1150.

The Social Security Regulations set forth a specific procedure for evaluating mental impairments. Initially, the ALJ must determine whether a mental impairment exists by carefully reviewing the evidence. 20 C.F.R. § 404.1508, 404.1528, 20 C.F.R. Pt. 404, Subpt. P., App. 1, 12.00B. Plaintiff is disabled under the Act only if plaintiff's mental impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell, 161 F.3d at 601). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see Richardson v. Perales, 402 U.S. 389, 401 (1971).

## DISCUSSION

Plaintiff argues that her primary care physician, Dr. William Roes, conducted depression and anxiety screenings and that "the plaintiff scored consistent with 'severe depression' and 'significant anxiety.' Tr. 472." (ECF No. 10, page 4.) Plaintiff also notes other portions of the

record that make reference to depression as related to her mother's death and her hepatitis C treatment. (ECF No. 10, pages 5-6.) Plaintiff argues that the ALJ did not discuss this evidence, which, in plaintiff's opinion, constitutes error.

While there is some indication in the record that plaintiff showed some signs of depression, neither her primary care physician nor any other medical expert has ever diagnosed plaintiff with depression. The ALJ noted in his decision that plaintiff's primary care physician, Dr. William Roes, did some psychiatric screening and that plaintiff scored high on depression scale and anxiety scale (Tr. 14), but Dr. Roes did not reach a diagnosis. In fact, although Dr. Roes concluded that there was "possible" underlying psychiatric problems, he recommended that plaintiff was a "good candidate for psychiatric evaluation" and never reached a conclusion regarding whether plaintiff had this alleged impairment (Tr. 473). Nor did any other health care provider reach such a conclusion. Although several providers made reference to possible depression, there is no diagnosis of depression. (See, e.g., Tr. 246, 381, 363.)

Plaintiff cites Sprague v. Bowen, 812 F.2d 1226, 1231 (9th Cir. 1987) for the proposition that even a "cursory mental evaluation conducted during one physical" is substantial evidence of an impairment (ECF 12, page 2). A careful examination of that case, however, does not support the plaintiff's argument. In Sprague, plaintiff's family doctor "gave his opinion" that plaintiff had depression. Id. at 1228. The issue in that case was not whether or not the physician had reached a diagnosis of depression, but rather whether or not a family physician had sufficient credentials to make that diagnosis, even though he was not a psychiatrist. See id. at 1231. The court concluded that he did. Id.

In this case, on the other hand, there was no issue regarding the physician's credentials, but rather that plaintiff's primary care physician never reached a diagnosis of depression. It was

REPORT AND RECOMMENDATION - 7

plaintiff's burden to prove her alleged depression. Plaintiff failed to sustain this burden of proof at step 2, and did not present sufficient medical evidence to demonstrate that she suffered from depression as a severe impairment. In addition, the court finds that the evidence regarding this issue is not ambiguous and that the record is adequate to allow for a proper evaluation of the evidence; therefore, the ALJ's duty to supplement the record was not triggered in this case. See Mayes, supra, 276 F.3d at 459-60; Tonapetyan, supra, 242 F.3d at 1150.

Additionally, as noted above, despite this lack of a definitive diagnosis, the ALJ still considered plaintiff's depressive symptoms in his evaluation of her other medically determinative impairments, and concluded that her depressive symptoms were relatively stable with medication (Tr. 14). This conclusion is supported by substantial evidence in the record, as cited by the ALJ. (See Tr. 14.)

Finally, because this court concludes that the ALJ's analysis of plaintiff's mental condition is supported by substantial evidence, there is no reason to reconsider the ALJ's use of the medical/vocational guidelines in relation to the balance of plaintiff's other severe impairments. (See ECF No. 12, page 3 (plaintiff concedes that if there are no significant mental limitations, then the use of the grid is not error); see also, supra, p. 3.) Therefore, further analysis of this issue is unnecessary.

## CONCLUSION

In summary, this court recommends that the Administrations' determination be upheld and that plaintiff's complaint be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

REPORT AND RECOMMENDATION - 8

| | |
|---|---|
| 1 | review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit |
| 2 | imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 25, |
| 3 | 2011, as noted in the caption. |
| 4 | Dated this 3rd day of March, 2011. |

*/s/ J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge